# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1655 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Presently pending before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner or "Defendant"). (ECF No. 3). For the reasons that follow, the Motion will be granted, as explained below.

*A. Background*

Donald Edwards ("Plaintiff"), received notice from the Social Security Administration ("SSA") in April and June of 2007 that he had been approved for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. and § 1381 *et seq*. ("Act"). (ECF No. 4-1 at pp. 5-23). Plaintiff also was notified that the SSA had approved the fee agreement between Plaintiff and his representative, and that $5,300 was being withheld to pay his representative. (ECF No 4-1 at pp. 6-7). On June 11, 2007, Plaintiff received a notice of "Important Information" regarding his Title II benefits, and was advised that if he disagreed with the

decision, he had 60 days in which to ask for an appeal. (ECF No. 4-1 at pp. 34-35). The SSA's records do not reflect that Plaintiff appealed the decision. (ECF No. 4-1 at p. 3 ¶ 2(d)).

Plaintiff subsequently received several notices beginning on July 3, 2007, from the Department of Treasury, informing him that he owed money to the United States Department of Education, and that his benefit payments may be reduced. (ECF No. 4-1 at pp. 36-44). Plaintiff was informed that, pursuant to 31 U.S.C. § 3716, the Department of Treasury was required to reduce the amount of his benefits in order to pay such indebtedness in a process known as "offset." (*Id.*). These notices further informed Plaintiff that the SSA and the Department of Treasury were unable to answer any questions about the debt owed, and that only the agency to which he owed the debt could assist him in resolving it. (*Id.*).

In his Complaint, Plaintiff alleges that an arrest warrant was issued in September 2007 for a parole violation. (ECF No. 2 at p. 2). He further alleges that he was incarcerated for approximately eight (8) months, from January 2008 until September 2008. (*Id.*). During this timeframe and thereafter, Plaintiff received notices from the SSA regarding his Title II benefits, dated March 7, 2008, and June 2, 2009, regarding amounts withheld for court-ordered child support and/or alimony from the Court of Common Pleas of Allegheny County. (ECF No. 4-1 at pp. 42-44).

Although not entirely clear from the allegations in the Complaint, it appears that Plaintiff claims that the SSA failed to pay him benefits totaling $7,868.44 during the time he was incarcerated and while awaiting an administrative hearing before an administrative law judge. (ECF No. 2 at p. 2). He instituted this civil action *pro se* by filing a Motion for Leave to Proceed *in forma pauperis,* which was granted by the Court on November 22, 2013. (ECF No. 1). He seeks an order from the Court directing the Commissioner to place the withheld amount on

his "direct express card." (ECF No. 2 at p. 2). The Commissioner has moved for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 3).

## B. *Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a complaint if the court lacks subject-matter jurisdiction to hear the case. In a factual attack, such as here, the defendant challenges the factual basis underlying the court's subject-matter jurisdiction with extrinsic evidence, essentially making the argument that the allegations supportive of jurisdiction are not true. *Cunningham v. Lenape Regional High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 447 (D.N.J. 2007). Because this Court must be satisfied at all times that it has the power to hear the case, it "may consider evidence outside the pleadings" "to resolve factual issues bearing on jurisdiction." *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997); *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines*, 673 F.2d 700, 711 (3d Cir. 1982). Once the defendant presents extrinsic evidence contesting the jurisdictional facts set forth in the complaint, the court must permit the plaintiff to respond. *Gould Electronics*, 220 F.3d at 177. "The court may then determine jurisdiction by weighing the evidence presented by the parties," "*evaluating for itself* the merits of the jurisdictional claims." *Id.*; *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (emphasis added). In making this evaluation, no presumption of truthfulness attaches to the allegations set forth in the complaint. *Mortensen*, 549 F.2d at 891. Rather, the challenge must be evaluated solely on the merits of the evidence submitted on jurisdiction. *Id.*

When considering a Rule 12(b)(6) motion, the Court must accept all of plaintiff's allegations as true and construe all reasonable inferences in favor of the plaintiff. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556) (internal quotations omitted). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.*

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

*C. Analysis*

The Commissioner first argues that Plaintiff's Complaint, to the extent it is based upon the amount withheld and awarded to his representative following an award of benefits under Title II and Title XVI of the Act, should be dismissed pursuant to Rule 12(b)(1) for lack of

subject matter jurisdiction. (ECF No. 4 at pp. 3-4).[1] The Court agrees. The only civil action permitted on a claim arising under Title II and/or Title XVI is an action to review the "final decision of the [Commissioner] made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L.Ed.2d 192 (1977) (quoting 42 U.S.C. § 405(g)). Determining the amount to be charged or received by a claimant's representative is a non-reviewable agency decision. 20 C.F.R. § 404.903(f) ("Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process … and they are not subject to judicial review. These actions include, … [d]etermining the fee that may be charged or received by a person who has represented you in connection with a proceeding before us[.]"). Accordingly, this Court lacks subject-matter jurisdiction to review the administrative action of the Commissioner in this regard, and this claim will be dismissed. *See Palmer v. Barnhart*, 89 F. App'x 806, 809 (3d Cir. 2004) (holding that a fee determination "is not a final decision under § 405(g) which is subject to judicial review"); *Thomas v. Astrue*, 2009 WL 2230144 at *2 (E.D. Pa. 2009) (relying on *Palmer* and holding that "to the extent that Plaintiff challenges the withholding of attorney's fees, we have no jurisdiction").

To the extent Plaintiff's Complaint can be construed as complaining about the amounts withheld from his benefits for child support and/or alimony, and/or the amounts withheld with respect to Plaintiff's indebtedness to the Department of Education, these claims will also be dismissed. Pursuant to 42 U.S.C. § 659, the SSA has the right to withhold Social Security benefits pursuant to a court order for child support and/or alimony, and the SSA is immune from liability when it withholds such benefits pursuant to a state court order entered by a court of

---

[1] The Commissioner construes the majority of the dollar amount requested in the Complaint ($5,315.20), as most likely representing the amount of attorneys' fees deducted from the Plaintiff's benefits. (ECF No. 4 at p. 4).

competent jurisdiction. *See e.g. Trimble v. U.S. Social Security*, 369 F. App'x 27, 32 (11th Cir.) (holding that SSA was immune from liability when it garnished the claimant's Social Security benefits pursuant to a valid state court order for child support) *cert. denied*, __ U.S. __, 130 S. Ct. 3537, 177 L.Ed.2d 1102 (2010).

Similarly, the Debt Collection Improvement Act of 1996, 31 U.S.C.A. § 3716(c)(6)(A), allows the federal government to collect debts through the means of an administrative offset:

> Any federal agency that is owed by a person a past due, legally enforceable nontax debt that is over 120 days delinquent … shall notify the Secretary of Treasury of all such nontax debts for purposes of administrative offset under this subsection.

31 U.S.C.A. § 3716(c)(6)(A); *see also Stephens ex. rel. R.E. v. Astrue*, 565 F.3d 131, 135-36 (4th Cir. 2009). Pursuant to this provision, Social Security Benefits are subject to offset for the purpose of collecting outstanding student loans from debtors. *See Lockhart v. United States*, 546 U.S. 142, 145-46, 126 S. Ct. 699, 163 L.Ed.2d 557 (2005) ("[T]he Debt Collection Improvement Act clearly makes Social Security benefits subject to offset[.]"). If Plaintiff disputes the debt, his remedy is to pursue a proceeding against the agency to which he owes the debt, and not the SSA. *See, e.g., Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008) (upholding district court's 12(b)(6) dismissal and holding that plaintiff was required to seek relief against the state agency to which he owed the debt rather than Treasury); *Lepelletier v. U.S. Dep't of Education*, 2009 WL 4840153 at *1 (D.D.C. 2009) (holding that to the extent plaintiff disputed his outstanding debt, he must proceed against the creditor agency and not Treasury).

Finally, and more broadly speaking, the Court is of the view that Plaintiff's Complaint could reasonably be construed as a challenge to the SSA's suspension of his benefits during his

incarceration, an issue not addressed by the Commissioner. As previously stated, however, in order to challenge a decision of the Commissioner in federal court, the plaintiff must have obtained the Commissioner's "final decision." 42 U.S.C. § 405(g). Pursuant to the Commissioner's regulations, a "final decision" is one "rendered after a claimant has completed a four-step administrative review process, the last step being a review by the Appeals Council." *Callendar v. Soc. Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. 2008) (citing 20 C.F.R. 416.1400(a)). In his Brief opposing dismissal, Plaintiff vaguely refers to "letters" from the SSA dated April 19, 2013, and February 25, 2013, *see* (ECF No. 6 at p. 2), but these "allegations" are not included in the Complaint, nor has Plaintiff alleged they are the "final decisions" of the Commissioner. There is nothing in the Complaint to suggest Plaintiff appealed the Commissioner's decision through the appropriate administrative review process. It is the Plaintiff's burden to establish subject-matter jurisdiction, and Plaintiff's allegations clearly are inadequate in this regard. Therefore, to the extent Plaintiff is indeed challenging the Commissioner's decision to suspend his benefits during his alleged incarceration, this claim will likewise be dismissed for lack of subject-matter jurisdiction. *See e.g., Aruanno v. Comm'r of Soc. Sec.*, 471 F. App'x 87, 88-89 (3d Cir. 2012) (upholding district court's dismissal for lack of subject-matter jurisdiction where plaintiff failed to pursue administrative remedies after his benefits were suspended following incarceration); *Thomas*, 2009 WL 2230144 at *2 and n.2 (dismissing complaint for lack of subject matter jurisdiction where plaintiff failed to indicate he filed a formal appeal through designated channels with respect to his contention that the SSA erred in denying him benefits for a period it believed him to be incarcerated).

The Court of Appeals has held that if a complaint is vulnerable to dismissal, a district court must permit a curative amendment, "unless an amendment would be inequitable or futile."

7

*Phillips* 515 F.3d at 236 (citations omitted); *Alston*, 363 F.3d at 236. In this case, with respect to any claims of the Plaintiff based on the amounts withheld for attorney's fees, for child support and/or alimony, and/or for any indebtedness to the Department of Education, Plaintiff will not be given leave to amend because any amendment would be futile. Accordingly, these claims will be dismissed with prejudice based on the reasoning set forth above.

With respect to Plaintiff's challenge to the SSA's alleged suspension of his benefits during his incarceration, the Complaint provided no basis upon which this Court can exercise subject-matter jurisdiction. However, the Court cannot conclude that the jurisdictional deficiency is incapable of being cured by way of amendment. Accordingly, this claim will be dismissed *without prejudice*, and Plaintiff may file an amended complaint, limited to the remaining claim, on or before **November 14, 2014.** The amended complaint must be in compliance with Rule 8 of the Federal Rules of Procedure which states, in relevant part:

> **(a) Claim for relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Should Plaintiff file an amended complaint, he must make his last, best efforts to state a viable claim regarding the pleading in question, because the Court does not anticipate providing further opportunity for amendment. Should Plaintiff fail to file an amended complaint on or

before November 14, 2014, then this dismissal will be converted to a dismissal with prejudice without further notice to the parties.

Consistent with the foregoing, the Court hereby enters the following:

## II. **ORDER**

Defendant's Motion to Dismiss Plaintiff's Complaint (**ECF No. 3**) is **GRANTED**. All of Plaintiff's claims are dismissed with prejudice, except for his potential claim regarding the suspension of his benefits during incarceration, and that claim is dismissed without prejudice. IT IS FURTHER ORDERED that Plaintiff may file an amended complaint on or before **November 14, 2014**, limited to Plaintiff's challenge regarding the suspension of his benefits during incarceration. Should Plaintiff not timely file an amended complaint, the dismissal of that claim likewise will be converted to a dismissal with prejudice.

IT IS SO ORDERED.

October 30, 2014                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

Donald Edwards
7272 Verona Blvd.
Pittsburgh, PA  15235