# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1655 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is the Motion to Dismiss (Doc. 9) filed by Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or "Commissioner"), seeking dismissal of Donald Edwards's ("Plaintiff's") Amended Complaint (Doc. 8).

In support of his claims, Plaintiff states that a warrant for his arrest for a probation or parole violation was issued in September 2007. (*Id.* at 1). Plaintiff was incarcerated for said violation from January 14, 2008 until September 13, 2008. (*Id.*). He claims that he was improperly denied Supplemental Security Income ("SSI") payments during his incarceration, and for an additional three months following his release. (*Id.*). Plaintiff contends that this was contrary to the Social Security Act and the holding in *Clark v. Astrue*, 602 F. 3d 140 (2d Cir. 2010). Plaintiff asserts that he is entitled to back payments in the amount of $7,868.44. (Doc. 8 at 3). For the reasons that follow, Defendant's Motion to Dismiss will be granted.

The pleadings and accompanying supplemental documents provided by both parties indicate that, at some point prior to Plaintiff's incarceration, he was found eligible for SSI.

Subsequently, a Notice of Planned Action dated December 24, 2007 was sent by the Social Security Administration to Plaintiff, informing Plaintiff of an impending termination of SSI benefits due to the September 13, 2007 issuance of a warrant for a probation or parole violation ("PPV Warrant"). (Doc. 10-6 at 1). The termination of benefits was to take effect in February 2008. (*Id.*). SSI benefits thereafter were terminated as stated, and the Social Security Administration indicated to Plaintiff in a February 23, 2008 Notice of Overpayment that Plaintiff had been overpaid for the months of September 2007 through January 2008 as a result of the issuance of the PPV Warrant. (Doc. 10-6 at 8). Plaintiff was incarcerated from January 14, 2008 until September 13, 2008.

Following his release, Plaintiff re-applied for SSI on September 24, 2008. (Doc. 10-2 at 1). Plaintiff claimed disability beginning September 1, 1996. (*Id.*). On May 20, 2010, following an administrative hearing at which Plaintiff was represented by counsel, Plaintiff was awarded SSI based on a finding of disability beginning September 1, 1996. (Doc. 10-3 at 5). The Social Security Administration issued a Notice of Award to Plaintiff and his counsel on June 10, 2010. (Doc. 10-4). Plaintiff was eligible to receive SSI payments beginning, retroactively, October 1, 2008. (*Id.* at 1). However, ten percent of Plaintiff's monthly benefit payment was to be withheld due to past benefit overpayment related to Plaintiff's PPV Warrant. (*Id.* at 2).

On February 25, 2013, Plaintiff received another notification from the Social Security Administration regarding his potential inclusion in the class-action case of *Clark v. Astrue*, 602 F. 3d 140 (2d Cir. 2010), due to denial of his SSI following the issuance of the PPV

Warrant. (Doc. 8-2).[1] A subsequent mailing, dated April 19, 2013, advised Plaintiff that a representative of the Administration would be telephoning him, on April 26, 2013 at 12:00 p.m., to discuss whether he was owed back-payments. (Doc. 8-1). The letter indicated that, if Plaintiff could not keep this appointment, he should telephone the Administration and it would be rescheduled. (*Id.*). The notice closed by saying that, if the Administration did not speak to or hear from Plaintiff within 60 days of the notice, he "may lose eligibility [for] relief under" *Clark*. (*Id.*).

Plaintiff gives no indication, in his pleadings or attachments, whether he had any contact with the Administration after April 19, 2013. Rather, over seven months after the date of the Administration's notice, Plaintiff filed this lawsuit on November 22, 2013. (Doc. 2).

Although Plaintiff originally claimed additional grounds for relief, all of his claims save the ones related to the PPV Warrant have been dismissed with prejudice. (Doc. 7). Plaintiff was given leave to amend his PPV Warrant-claim, and he has done so by way of an Amended Complaint. (Doc. 8). Defendant has responded with the present Motion to Dismiss (Doc. 10), and the Motion is ripe for adjudication.

When considering a motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must determine whether "the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Purpura v. Sebelius*, 446 Fed. App'x 496, 497 (3d Cir. 2011) (quoting *Turicentro v. Am. Airlines*, 303 F. 3d 293, 300 (3d Cir. 2002)). The Court construes all allegations contained in the Complaint, and all documents referenced therein, in a light most favorable to Plaintiff. *Id.* (citing *Gould Elecs., Inc.*

---

[1] *Clark* held that the issuance of warrant alleging a probation or parole violation, alone, is insufficient to warrant a suspension of benefits. *Id.*, 602 F. 3d at 147 (probable cause or reasonable suspicion is not equivalent to finding that beneficiary is "more likely than not" to have actually violated condition of probation or parole) (citations omitted).

3

*v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000)). Further, because Plaintiff is *pro se*, the Court must interpret his filings liberally. *Rhett v. New Jersey State Superior Court*, 260 Fed. App'x 513, 515 (3d Cir. 2008) (citing *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)) ("[A] *pro see* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Nevertheless, and despite this Court's prior grant of leave to amend, Plaintiff has failed to provide a basis for the exercise of subject-matter jurisdiction. A district court's jurisdiction over claims arising under the Social Security Act is provided by 42 U.S.C. § 405(g), stating that any "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by civil action." *Aruanno v. Comm'r of Soc. Sec.*, 471 Fed. App'x 87, 88 (3d Cir. 2012). "Without a 'final decision,' the District Court has no jurisdiction to review the Commissioner's determination." *Id.* (citing *Fitzgerald v. Apfel*, 148 F. 3d 232, 234 (3d Cir. 1998)).

In his Amended Complaint, Plaintiff merely reiterates the conclusory allegations in his original Complaint. He offers no explanations or documentation regarding his efforts to seek relief through the administrative process, whether related to Defendant's April 19, 2013 notice or otherwise. The Court has no basis on which to conclude that administrative remedies have been exhausted, and jurisdiction is lacking.

Even were the Court to reach the merits, Defendant has put forth unrefuted evidence indicating that Plaintiff properly was credited for all amounts owed. (Doc. 9 at 10; Doc. 10-1; *and* Doc. 10-5). Although the PPV Warrant was issued on September 13, 2007, Plaintiff's benefit payments were not suspended until February 2008, *after* he began serving his term of imprisonment. (*Id.*). Defendant concluded, reasonably, that *Clark*-relief is limited to claimants

4

denied benefits, or assessed overpayments, due to the existence of PPV warrants, and that relief does *not* extend to the payment of benefits during actual incarceration. (*Id.*; *see also* Doc. 10 at 7 n.4 (SSI is intended "to provide [for] basic [living] necessities," including food and shelter, which are provided by prison during incarceration)).

Following his re-approval for SSI in 2010, Plaintiff's benefit payments were expected to be reduced due to a perceived overpayment, as related to the PPV Warrant-issue. (*Id.*). In response to the *Clark* decision, however, said benefit reductions were vacated, and Plaintiff never was "charged" for the overpayment (*i.e.*, his *Clark* relief was removal of the overpayment deduction). Plaintiff also was entitled to *Clark* relief for a period immediately following his release from prison – from September 14, 2008 through September 30, 2008 – but that credit was provided and applied against another overpayment, unrelated to the PPV Warrant. (*Id.*).

By all indications, Plaintiff has enjoyed the *Clark*-relief to which he is entitled. More importantly, he has failed to allege or show that he exhausted administrative remedies, and the Court, therefore, has no basis for exercising subject-matter jurisdiction. Finally, in light of the discussions above, there is no reason to believe that Plaintiff's claims can be improved by amendment. Plaintiff already has enjoyed such an opportunity, and he was instructed make last, best efforts to state a viable claim. (Doc. 7 at 8). He has been unable to do so, and Defendant's Motion to Dismiss is well taken.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant's Motion to Dismiss (**Doc. 9**) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

| | |
|---|---|
| April 20, 2015 | s\Cathy Bissoon<br>Cathy Bissoon<br>United States District Judge |

cc (via First-Class U.S. Mail):

Donald Edwards
7272 Verona Blvd.
Pittsburgh, PA  15235


cc (via ECF email notification):

All Counsel of Record